# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Jairo DIOSA-Ortiz, Petitioner

FILE IN CLERKS OFFICE
2003 DEC 15 A 9:26
U.S. DISTRICT COURT
DISTRICT OF MASS

## DEFENDANTS

JOHN ASHCROFT, et als., Respondents

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Randy Olen
55 Bradford St. Suite 203
Providence RI 02903

ATTORNEYS (IF KNOWN)

03-12510 PBS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **HABEAS CORPUS:**
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC §2241   Review of Final Order of Deportation

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE   12/15/03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RECEIPT # 52480
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-15-03

2003 DEC 15  A

JOHN JAIRO DIOSA-ORTIZ,
    Petitioner,

    v.

JOHN ASHCROFT, Attorney General;
TOM RIDGE, Secretary, DEPARTMENT
OF HOMELAND SECURITY; and MICHAEL J.
GARCIA, Acting Secretary, BRUCE
CHADBOURNE, Interim Field Office Director,
Boston District, BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT;

    Respondents

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**03 12510 PBS**

NO.

MAGISTRATE JUDGE Collings

PETITION FOR WRIT OF
HABEAS CORPUS,
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF, and
MOTION FOR EMERGENCY
STAY OF DEPORTATION

        Petitioner, John Jairo Diosa-Ortiz ("Diosa"), hereby petitions this Court for a writ of

habeas corpus to review the lawfulness of his final order of deportation.  He respectfully alleges,

by his undersigned attorney, as follows:

## JURISDICTION

    1.      This action arises under the Constitution, the Immigration and Nationality Act

("INA"), 8 U.S.C. §1101 et seq., and the Administrative Procedures Act ("APA"), 5 U.S.C.

§701 et seq..  This Court has habeas corpus subject matter jurisdiction pursuant to 28 U.S.C. §

2241 et seq., see INS v. St. Cyr, 533 U.S. 289 (2001); Art. 1, §9, Cl. 2 of the U.S. Constitution

("Suspension Clause"); and the Common Law. This Court may also exercise jurisdiction

pursuant to 28 U.S.C. §1361 (mandamus jurisdiction), and 28 U.S.C. §1331, and may grant

relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the All Writs Act,

28 U.S.C. §1651.

## VENUE

2.     Venue lies in the United States District Court for the District of Massachusetts,

the judicial district where the (former) Immigration and Naturalization Service ("INS")

previously issued his Order To Show Cause ("OSC"), thereby initiating his deportation

proceedings, and where he is currently detained at the Bristol County House of Corrections.

## PARTIES

3.     Mr. Diosa is a 45 year old native and citizen of Colombia who entered the United

States as an immigrant on July 4, 1981. On April 10, 2002, an Immigration Judge ("IJ") ordered

Mr. Diosa deported. On October 9, 2003, the Board of Immigration Appeals ("BIA") denied his

appeal. Mr. Diosa is now subject to immediate deportation by Respondents.

4.     Respondent John Ashcroft is sued in his official capacity as the Attorney General

of the United States. In this capacity he has responsibility for the administration of the

immigration laws pursuant to 8 U.S.C. §1103, is a legal custodian of Mr. Diosa and is

empowered to carry out the deportation order against Mr. Diosa.

5.     Tom Ridge is sued in his official capacity as Secretary of the Department of

Homeland Security ("DHS"). Secretary Ridge and DHS are responsible, through the Directorate

of Border and Transportation Security ("DBTS"), for the enforcement of the immigration laws,

are legal custodians of Mr. Diosa, and are empowered to carry out the deportation order against

Mr. Diosa.

6.    Respondent Michael J. Garcia is sued in his official capacity as Acting Secretary of the Bureau of Immigration and Customs Enforcement ("BICE"). Respondent Bruce Chadbourne is sued in his official capacity as Interim Field Officer Director of the BICE. Mr. Garcia, Mr. Chadbourne, and BICE are responsible for the enforcement of the immigration laws, are legal custodians of Mr. Diosa, and are empowered to carry out the deportation order against Mr. Diosa.

## FACTS

7.    Mr. Diosa entered the United States as a lawful permanent resident on July 4, 1981. On June 7, 1985, he was convicted of conspiracy to possess with intent to distribute cocaine in the United States District Court for the Southern District of Florida, and received a three year sentence of imprisonment.

8.    Mr. Diosa was placed into deportation proceedings through the issuance of an "Order to Show Cause" (OSC) dated September 20, 1985. He was served with the OSC while serving his criminal sentence at FCI Texarkana, Texas. After his release, he was admitted to $10,000 immigration bond on December 12, 1986. The bond receipt required the obligor to present Mr. Diosa at the Immigration Court in El Paso, Texas at a time "to be set at a later date". See Exhibit A.

9.    A deportation hearing was subsequently scheduled for February 25, 1987. Neither Mr. Diosa nor his attorney appeared at the hearing. In a correspondence dated that day and addressed to Mr. Diosa's attorney of record, John Ruginski, Esq., the Immigration Court informed counsel that since neither had appeared, the case had been "administratively closed", with no action taken until Mr. Diosa was located and the case recalendared. See Exhibit B.

10.    On March 9, 1987, the INS sent Mr. Diosa's bond obligor Form I-340, "Notice to

3

Deliver Alien". This document demanded that Mr. Diosa be delivered to the INS at El Paso *"for deportation"*. See Exhibit C. This advisement was erroneous; since the IJ had administratively closed the proceedings, rather than issue an *in absentia* order, no order of deportation was ever entered at the February 25 hearing. See Matter of Amico, 19 I&N Dec. 652 (BIA 1988) (administrative closing does not result in final order, but is a procedure for calendaring purposes which allows the removal of cases from the calendar).

11.    Upon receipt of the Form I-340, on March 24, 1987, Attorney Ruginski filed an application for a stay of deportation. The application stated that neither he, Mr. Diosa, or his bond obligor ever received notice of the February 25 hearing date. See Exhibit D.

12.    On March 29, 1987, believing that he had been ordered deported, Mr. Diosa left the United States and returned to Colombia.

13.    On April 17, 1987, the INS responded to Mr. Ruginski's application for a stay of deportation. The response indicated that a stay of deportation was not necessary, as the case was administratively closed by the Immigration Judge and Mr. Diosa "was not ordered deported". See Exhibit E. Attorney Ruginski appealed the breach of Mr. Diosa's bond on April 21, 1987, maintaining that he had not received notice of the deportation hearing. See Exhibit F, p.2 ("Statement of Reasons for Appeal").

14.    Mr. Diosa remained in Colombia approximately 14 months, re-entering the United States in May 1988 at which time he presented fraudulent documentation in order to gain entry.

15.    In 1993, Mr. Diosa became aware for the first time that he had not been ordered deported in El Paso in 1985, but that his case had been administratively closed. He presented himself to the Providence INS office, and was again placed in deportation proceedings by being served with a new Order to Show Cause dated November 19, 1993.

16.    At his reopened hearing, Mr. Diosa sought to apply for a §212(c) waiver of deportability. The INS claimed he had abandoned his permanent resident status when he left the United States and remained in Colombia for 14 months, and was therefore no longer eligible for the waiver. At a hearing on July 11, 2001, Mr. Diosa testified that he had left the country only because he believed he had been ordered deportedbased upon the erroneous I-340 the INS had sent, which demanded his appearance "for deportation". In a decision rendered on April 10, 2002, the IJ determined that Mr. Diosa had abandoned his permanent residence, and was therefore ineligible for a §212(c) waiver. See Exhibit G (Oral Decision of the Immigration Judge). The BIA denied Mr. Diosa's appeal on October 9, 2003. See Exhibit H.

## JURISDICTIONAL BASES FOR HABEAS CORPUS REVIEW

17.    The statutory basis for this Court's habeas jurisdiction to review Mr. Diosa's final order of deportation is 28 U.S.C. §2241, the general grant of habeas jurisdiction bestowed on the federal district courts. See INS v. St. Cyr, 533 U.S. 289 (2001). This Court may also exercise jurisdiction pursuant to 28 U.S.C. §1331, and mandamus jurisdiction pursuant to 28 U.S.C. §1361. Mr. Diosa is also entitled to review of his final order of deportation as a matter of constitutional right (and under the Common Law). The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. Constitution, Art. I, § 9, Cl. 2 ( Suspension Clause).

## EXHAUSTION

18.    Mr. Diosa has exhausted all available administrative remedies.

19.    No prior petition for writ of habeas corpus has been made by Mr. Diosa.

20.    No court has previously addressed the merits of Mr. Diosa's case.

21.    Mr. Diosa will be irreparably harmed if he is deported while his petition and complaint are pending before this Court, because he will have been denied all opportunity for judicial review and will be deported based on an administrative decision that is inconsistent with the INA and the U.S. Constitution.

## COUNT I

### (Legal Error; Due Process Violation)

22.    The IJ and the BIA erred as a matter of law in holding that Mr. Diosa abandoned his permanent resident status.  Immigration and Nationality Act §211(b) permits re-entry without documentation to returning resident immigrants, defined for these purposes as "an immigrant, lawfully admitted for permanent residence, who is returning from a temporary visit abroad".  See INA §101(a)(27)(B).  In Rosenberg v. Fleuti, 374 U.S. 449 (1963), the United States Supreme Court held that an "innocent, casual, and brief" excursion by a resident alien outside the country's borders may not be considered a departure that was disruptive of his resident alien status.  In determining whether an alien has abandoned his permanent resident status, "a possible justifiable reliance on a misstatement of a United States official, contributing to extended absence and failure to return, has been held to be a factor that warrants full exploration."  Matter of Kane, 15 I&N Dec. 258, 263-64 (BIA 1975), citing Tejada v. INS, 346 F.2d 389 (9th Cir. 1965).  The INS bears the burden of proving abandonment by "clear, unequivocal, and convincing evidence".  Matter of Huang, 19 I&N Dec. 749 (BIA 1988).

Mr. Diosa's departure from the United States was the result of his reasonable reliance on the notification from the INS that he was to be surrendered in El Paso "for deportation".  But for his reliance on this erroneous notice, Mr. Diosa would never have left the country.  Under these circumstances, his departure cannot properly be considered to be an abandonment of his

permanent residence.

## EMERGENCY MOTION FOR STAY OF DEPORTATION

Mr. Diosa respectfully moves this Honorable Court for a stay of his impending deportation pending the resolution of the issues presented in this Petition. If Mr. Diosa is deported, he will forfeit his right to contest these important constitutional claims. Given the highly meritorious issue presented, the likelihood of success on the petition, and the irreparable harm which will befall Mr. Diosa if he is deported, this Court should grant a stay of deportation pending further proceedings. The Colombian consulate has informed counsel that Mr. Diosa is to be removed MONDAY, DECEMBER 15. Petitioner respectfully requests a temporary emergency stay of deportation to permit the Court to review this petition.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner respectfully prays this Court to:

a.    Assume jurisdiction over this matter;

b.    Declare Mr. Diosa's order of deportation as contrary to law;

c.    Issue preliminary injunctive relief, granting the Motion to Stay Deportation, thus prohibiting Mr. Diosa's deportation pending final resolution of this action;

d.    Issue a writ of habeas corpus and permanent injunction directed at Respondents to vacate Mr. Diosa's final order of deportation as contrary to law and remand this matter to the Immigration Court to allow Petitioner an opportunity to have his §212(c) application adjudicated on the merits;

e.    Award reasonable costs and attorney's fees; and

f.    Grant such further relief as the Court deems just and proper.


Respectfully Submitted,
John Jairo DIOSA-Ortiz
By His Attorneys,


Randy Olen, Esq.
55 Bradford Street, Suite 203
Providence, Rhode Island 02903
(401) 274-1400
(401)274-2480 (fax)


George A. Pliakas, Esq.
58 Weybosset Street, Suite 600
Providence, Rhode Island 02903
(401) 274 – 3904
(401) 273 – 4749 (fax)

8

## <u>CERTIFICATION</u>

I hereby certify that on the 15th day of December, 2003, I sent a true copy of the within ***Petition for Writ of Habeas Corpus*** to:

John Ashcroft, United States Attorney General, United States Department of Justice, Civil Division, Office of Immigration Litigation, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044;

Tom Ridge, Secretary, United States Department of Homeland Security, Washington, D.C. 20528;

Department of Homeland Security, District Counsel, JFK Federal Building, Room 425, Government Center, Boston, MA 02203;

Michael J. Garcia, Assistant Secretary, United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Washington, D.C. 20528;

Bruce Chadbourne, Interim Field Office Director, BICE, JFK Federal Building, 17th Floor, Boston, MA 02203.

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
P.O. Box 9398
El Paso, Texas 79984

Mary VEGA                                          **File:** A37 130 133
#19 Summer Street                                  **Date:** December 12, 1986
Central Falls, R.I. 02903

                                    **Re:** Mr. John Jairo DIOSA-Ortiz
                                         #94 Montgomery St. Apt. #13
                                         Pawtucket, Rhode Island  02860

        Cash Bond Rcpt.# PRO-736 posted in Providence, RI on 12/12/86
           Release Authorized by Deportation Officer R. D. Velez; I&NS/ELP

**Pursuant to the terms of the bond posted by you for the release from custody of the
above-named alien(s), demand is hereby made upon you to surrender such alien(s):**

        X[XX]  **for hearing at the following time and place:**

             **Time:** TO BE SET AT A      **Place:** Office of the Immigration Judge
                  LATER DATE.                    U.S. Federal Courthouse
                                                 Third Floor, Room 305
             ☐  **into the custody of an officer of this Service at**  El Paso, TX  79901

             ———————————  on ——————— at ———————
                              (date)           (time)

        **for deportation.**

**You are informed that failure to surrender the alien(s) in accordance with this de-
mand will result in steps being taken toward the breaching of the above mentioned
bond and its forfeiture to the Government.**

                              **Very truly yours,**

                              A. H. Guigni — Bvl

                  FOR THE  **DISTRICT DIRECTOR**

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

   **Form I-340**
   **(Rev. 10-27-58)**

                                   Exhibit A

U.S. Department of Justice

Executive Office for Immigration Review

*Office of the Immigration Judge*

February 25, 1987

*509 U.S. Courthouse*
*El Paso, Texas 79901*

John H. Ruginski, Jr., Esq.
305 South Main St.
Providence, RI  02903

RE:     A37 130 133, John Jairo Diosa-Ortiz

Dear Sir/Madam:

As you/your client (and family) failed to appear for a hearing at
this office on this date, the Immigration Judge has ORDERED that
your case(s) be administratively closed and be considered no longer
pending before the Immigration Judge.

No further action will be taken until the Immigration Service has
located the respondent(s) and the case is again presented for
recalendaring and further proceedings.

Sincerely,

Mary Nieto
BOIR Clerk

3/24/87    8:30 Am .

I-C  advises that they have served
by sending of notification of Hearing, dated
12/3/86

Exhibit

**U.S. Department of Justice**                    **Notice To Deliver Alien**

**Immigration and Naturalization Service**
P. O. Box 9398
El Paso, Texas 79984

---

Mary Vega                                    File A37 130 133
#19 Summer Street                            Date March 9, 1987
Central Falls, Rhode Island     02903        Re: DIOSA-Ortiz, John Jairo

Pursuant to the terms of the bond posted by you for the release from custody of the above-named alien(s), demand is hereby made upon you to surrender such alien(s):

☐ for hearing at the following date, time and place.

    Date:                              Time:

    Place:        ~~DB~~ 3/24/87  8:00 AM

☒ into the custody ~~of an officer of this Service at~~ 700 East San Antonio, Room D330, El Paso, Tx. 79901
on ___March 24, 1987___  25     at ___10:00 a. m.___  for deportation.
    (Date)                              (Time)

*Discussed case with subjects new atty. will hold to I-340 demand with 24 hour ext. of time. (P4S)*

You are informed that failure to surrender the alien(s) in accordance with this demand will result in steps being taken toward the breaching of the above mentioned bond and its forfeiture to the Government.

DISTRICT DIRECTOR

*Rand H. Smith*
Rand H. Smith
Deportation Officer

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Exhibit C                    Form I-340 (Rev. 11-30-82)Y

U.S. Department of Justice

Immigration and Naturalization Service

Application for Stay of Deportation

OMB NO. 1115-0055
Expires 3/84

**SUBMIT IN DUPLICATE**

*Read instructions on reverse before filling out application*

| Fee Stamp |
|---|

| File No. | A37 130 xx133 |
|---|---|
| Date | March 24, 1987 |

| 1. Name (Family Name in Capital letters) | (First Name) | (Middle Name) |
|---|---|---|
| DIOSSA-Ortiz | John | Jairo |

| 2. Present Address (Apt. No.) | (Number and Street) | (Town or City) | (State) | (Zip Code) |
|---|---|---|---|---|
| 94 Montgomery Street | Apt #3 | Pawtucket, Rhode XIsland | 02860 |

| 3. Country of Citizenship | 4. Date to which passport is valid (Attach passport) |
|---|---|
| Colombia | Passport has expired |

| 5. Country to which deportation has been ordered | 6. Date to which stay of deportation is requested |
|---|---|
| United States | stay of deportation is requested until adjudication of 212C Petition |

7. Reasons for requesting stay of deportation:

1. On 12/12/86 obligator received notice of hearing to be set at a later date.

2. On 3/18/87, obligator received notice to deliver alien (enclosed).

3. Neither obligator nor his attorney, nor the respondent received notice of any hearing date; if respondent had received notice of hearing date, he would have attended the hearing, admitted the allegations, and submitted a Petition for 212 C relief.

8. I certify that all the statements I have made in this application are true and correct to the best of my knowledge and belief.

| (Signature of Applicant) | 3/24/87 (Dated at) | Providence, RI (Date) |
|---|---|---|

9. SIGNATURE OF PERSON PREPARING FORM, IF OTHER THAN APPLICANT

I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| (Signature) | 305 South Main St., Prov., RI (Address) | 3/23/87 (Date) |
|---|---|---|

**APPLICANT: DO NOT WRITE BELOW THIS LINE**

| Stay ☐ Denied   ☐ Granted Until | (Date) | at | (Place Where Granted) |
|---|---|---|---|
| By | (Signature) | (Title) | (Date) |

Form I-246 (Rev. 3-31-83)Y

| RECEIVED | TRANS. IN | RET'D TRANS. OUT | COMPLETED |
|---|---|---|---|

Exhibit D

**U.S. DEPARTMENT OF JUSTICE**

Immigration and Naturalization Service

*312 U.S. Courthouse*
*P.O. Box 9398*
*El Paso, Texas 79984-0398*

---

Office of the District Director

Please refer to this file number

April 17, 1987

A37 130 133

John H. Ruginski, Jr., Esq.
305 South Main Street
Providence, RI 02903

RE:  John Jairo DIOSA-Ortiz
     A37 130 133

Dear Mr. Ruginski:

Reference is made to the application for Stay of Deportation filed
in behalf of Mr. Diosa on March 24, 1987.

Mr. Diosa's case was administratively closed by the Immigration
Judge on February 25, 1987, therefore a Stay of Deportation is not
necessary as he was not ordered deported.

Sincerely,

Gary N. Simmons
Assistant District Director
Detention and Deportation

Exhibit E

U.S. Department of Justice

Immigration and Naturalization Service

Notice of Appeal to Commissioner

---

| IMPORTANT: SEE INSTRUCTIONS ON REVERSE | FEE STAMP |
|---|---|
| SUBMIT SINGLE COPY TO: | |
| IMMIGRATION AND NATURALIZATION SERVICE | |

In the Matter of:  DIOSA-Ortiz, John Jairo        File No.   A37 130 133

1  I hereby appeal to the Commissioner from the decision, dated _____ 3/31/87 _____
_____, in the above entitled case.

2. I _____ am _____ filing a written brief or a written statement with the above Service office within the time
     (am)           (am not)
allowed for such filing.

3. Briefly, state reasons for this appeal.

                    (see attached statement)

APPELLANT (OR ATTORNEY OR REPRESENTATIVE)

Name: ____ John H. Ruginski, Jr. _____
                          (Type or Print)

Signature: _____

Address: __305 So. Main Street_____
                (Number)                          (Street)

April 21, 1987                      Providence, RI      02903
        (Date)                          (City)        (State)        (Zip Code)

Form I-290B
(Rev. 10-3-83)N

                    Exhibit  F

                                        P. 1

## Statement of reasons for Appeal

1. On 3/24/87, a Motion for Stay of Deportation was filed with the Immigration Service. The service sent Motion back saying there was never an Order of Deportation. Enclosed find a copy of Form I-340 which says he is to report for <u>Deportation</u> and not for a surrender of interview.

2. The demand for surrender-departure was an invalid demand based upon the fact that Respondent did not appear for his hearing.

3. The service has failed to disprove the allegations of the Respondent, his Attorney, and the Obligor that they never "received" notice of any hearing. The only notice being received that a hearing would be set at a later date (see enclosure).

WHEREFORE, Obligor demands that her bond be returned to her forthwith as Respondent has left the country and is residing in Colombia.

p. 2

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts

File A 37 130 133                                April 10, 2002

In the Matter of

JOHN JAIRO DIOSA-ORTIZ,          )          IN REMOVAL PROCEEDINGS
                                 )
           Respondent            )

CHARGE:        Section 241(a)(1)(A) of the Immigration and
               Nationality Act as amended - alien excludable -
               alien convicted of a narcotics violation.

APPLICATION:   Section 241(a)(1)(A) of the Immigration and
               Nationality Act as amended - convicted of a
               narcotics violation (large charge);  Section
               241(a)(1)(A) of the Immigration and Nationality
               Act as amended - alien who's is an illicit
               trafficker in any controlled substance (large
               charge);  Section 241(a)(1)(A) of the Immigration
               and National Act as amended - alien who seeks to
               procure or has procured or has procured a visa or
               other documentation or entering the United States
               (indiscernible) of the Act by fraud or by
               willfully misrepresenting material fact (large
               charge);  Section 241(a)(1)(A) of the Immigration
               and Nationality Act as amended - immigrant, not in
               possession of an immigrant visa, not exempted here
               from (large charge); Section 241(a)(2)(A)(iii) of
               the Immigration and Nationality Act as amended -
               at any time after entering having been convicted
               of an aggravated felony (large charge).

ON BEHALF OF RESPONDENT:         ON BEHALF OF SERVICE:

Robert D. Watt, Jr., Esquire     Bernard Menendez, Esquire
84 Ship Street                   Assistant District
Providence, Rhode Island         Counsel of the Immigration and
02903                            Naturalization Service

Exhibit G

SLQ

## ORAL DECISION OF THE IMMIGRATION JUDGE

Respondent is a 44-year-old, married male alien, Colombian native and citizen of Colombia, who went to the United States on July 4, 1981 in Miami, Florida, at which time he entered as a lawful permanent resident. On June 7, 1985, the respondent was convicted in the District Court for the Southern District of Florida of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. 246. The respondent previously was found deportable on the charge contained in the Notice, the order to show cause and notice of hearing and warrant the arrest of alien in the decision rendered by the undersigned. And that respondent application for a waiver of inadmissability pursuant to Section 212(c) was pretermited by the undersigned and the respondent was ordered deported to Colombia. Which decision the respondent appealed to the Board of Immigration Appeals. And on August 11, 1997 the Board of Immigration Appeals remanded the respondent's deportation proceeding to the Immigration Judge so that the respondent could establish eligibility for a waiver of inadmissability pursuant to Section 212(c) of the Immigration and Nationality Act, amongst other issues concerning the respondent's eligibility for discretionary relief.

In a proceeding held before the undersigned, subsequent to the remand of the respondent's deportation proceeding, the Government proceeded to lodge numerous I-261 forms alleging allegations and charges of deportability, which culminated in the

A 37 130 133                    2                    April 10, 2002

SLQ

Government issuing or withdrawing all the previous I-261s except the one in R Exhibit 7 in the record and R Exhibit 13.  R Exhibit 7 in the record contains allegations 3 through 10, which read as follows: "3) He entered the United States on July 4, 1981 in Miami, Florida; 4) At that time you entered as a lawful permanent resident; 5) You were on June 7, 1985 convicted in the United States District Court for the Southern District of Florida for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. 846; 6) On or about March 29, 1987 you departed from the United States; 7) You remain outside the United States for more than one year; 8) On or about May 24, 1988 you entered the United States in Miami, Florida using a photo substituted Colombian passport in the name of J-A-I-M-E R-I-V-E-R-A that contained a valid B-2 non-immigrant visa; 9) At that time you were admitted as a visitor for pleasure (B-2) with an authorization stay of not more than six months; 10) You preclude your entry by fraud or willfully misrepresenting material fact to with you presented a fraudulent passport in the name of J-A-I-M-E R-I-V-E-R-A."

R Exhibit 7 in the record contains five charges of deportability in addition to the charge contained in the order to show cause and notice of hearing and warrant for arrest of alien. Exhibit 1 which was prior to the respondent's proceedings being remanded to the Immigration judge by the Board of Immigration Appeals in 1997, which read as follows: Section 241(a)(1)(A) of

A 37 130 133                      3                      April 10, 2002

SLQ

the Immigration and Nationality Act (indiscernible) as amended,
and that at the time of entry or adjustment of status, you were
within one or more of the classes of aliens excludable by the law
existing at such time, 2: aliens who have been convicted of a
violation of (or conspiracy to violate) any law or regulation of
a state, in the United States, or foreign country relating to a
controlled substance (as defined in Section 102 of the Controlled
Substance Act [21 U.S.C. 802]) Under Section 212(a)(2)(I) of the
Act.   Section 241(a)(1)(A) of the Immigration and Nationality Act
(fact), as amended, and that at the time of entry, or adjustment
of status, you were within one or more of the classes of aliens
excludable by the law existing at such time, two with: aliens who
a counselor or Immigration officer knows or has reason to believe
this or has been an illicit trafficker in any controlled
substance under Section 212(a)(2)(A) of the Act.   Section
241(a)(1)(A) of the Immigration and Nationality Act (Act), as
amended, in that any time after entry or adjustment of status,
you were within one or more of the classes of aliens excludable
by the law existing at such time, two with: aliens who seek to
procure, or have sought to procure, or have procured a visa, or
other documentation, or entry into the United States, or other
benefit provided under the Act, by fraud or by willfully
misrepresenting a material fact, under Section 212(a)(6)(A)(I) of
the Act.   Section 241(a)(1)(A) of the Immigration and Nationality
Act as amended, in that the time of entry or adjustment of

A 37 130 133                    4                    April 10, 2002

SLQ

status, you were within one or more of classes of aliens
excludable by the law existing at such time, two with: alien,
immigrants or not in possession of a valid, unexpired, immigrant
visa, reentered, boarder crossing, identification card, or other
valid entry document required by the Act, or who are not in
possession of a valid, unexpired passport, or other suitable
travel document, or identity or nationality document, if such
document is required by regulations issued by the Attorney
General under Section 212(a)(7)(A)(I)(I).   Section
241(a)(2)(A)(3) of the Immigration and Nationality Act (Act), as
amended, in that at any time after entry you have been convicted
of an aggravated felony as defined in Section 101(a)(43) of the
Act."

          R Exhibit 8 in the record contains the respondent's
pleadings to the allegations contained in R Exhibit 7.   Wherein
the respondent admits allegations 3 through 10, therein, and
conceded deportability on the charges lodged concerning
allegations 1, 2, 3, 4, and 5.   The Immigration judge failed to
set forth the allegation of the charge of deportability in R
Exhibit 7, which is number 6.   Section 241(a)(2)(B)(I) of the
Immigration and Nationality Act as amended.   In any time after
entry you have been convicted of a violation of (or conspiracy or
attempt to violate) any law or regulation of a state, the United
States or a foreign country relating to the controlled substance
(as defined in Section 102 of the Controlled Substance Act 21

A 37 130 133                    5                    April 10, 2002

SLQ

U.S.C. 802).

Now the respondent has denied two pleadings in R
Exhibit 8, that he is subject to deportation pursuant to charge 6
in R Exhibit 7, but concedes that he is removable on all the
other charges stating therein.  The Government lodged an
allegation in R Exhibit 13, which reads as follows: You have
abandoned your status as a lawful permanent resident in the
United States.  Respondent, through pleadings R Exhibit 14, has
denied the truthfulness of allegation 11 in R Exhibit 13.
Designated Colombia as the country of deportation if required and
sought a waiver of inadmissability pursuant to Section 212(c) of
the Immigration and Nationality Act.

The burden is on the Government to establish that the
respondent is subject to deportation on any of the charges
contained in R Exhibit 7, the lodged charge and or the charge
contained in the order to show cause and notice of hearing.
Exhibit 1 in the record previously to the Boards remanding the
deportation proceeding by the Immigration Judge.

Respondent has previously been found deportable on the
charge contained in the order to show cause and notice of hearing
and he to will be once again found deportable on the charge.   In
addition, the respondent will also be found to be deportable on
the lodged charges in R Exhibit 7.  Based on the pleadings of the
respondent in R Exhibit 8.  The burden is on the Government to
establish that the allegations in the order to show cause and the

A 37 130 133                    6                    April 10, 2002

SLQ

allegations contained in the lodged charge in R Exhibit 7 are
true as stated and the respondent has indicated previously, is
deportable on any of those charges contained therein and in
addition to the one in the order to show cause and notice of
hearing, by evidence which is clear, convincing and unequivocal.
See the Immigration and Nationality Act of 1952 as amended by the
Immigration Act of 1990, 8 C.F.R. 242.14, which is the regulation
under deportation proceedings.

Based on the foregoing orders contained in the record,
I find that the respondent is deportable on the charge contained
in the order to show cause and notice of hearing. Exhibit 1
which is prior to the remand of the Board of Immigration Appeals
of the Immigration judge. Based on finding the allegations 1 and
2 and 3, contained therein, in addition to 4 contained
(indiscernible) by evidence with is clear, convincing, and
unequivocal. I further find that the allegations numbered 3
through 10, in the R Exhibit 7 are true as stated and that the
respondent is subject to deportation on all the charges contained
therein by evidence which is clear, convincing, or unequivocal.

The Government has lodged an allegation contending that
the respondent abandoned his lawful, permanent resident status in
the United States. That issue is to be resolved to determine
whether the respondent is eligible for a waiver of
inadmissability pursuant to Section 212(c) of the Immigration and
Nationality Act. Section 212(c) of the Immigration and

A 37 130 133                        7                    April 10, 2002

SLQ

Nationality Act requires that the respondent be a lawful,
permanent resident in order to be eligible for that relief.

In a hearing held before the undersigned on 7/11/01,
respondent testified, upon being questioned by the Government's
attorney, that he last left the U.S. in March of 1987, thinking
he was deported; that he went to Colombia; that he probably
called his mother saying that he was deported; that he lived with
his mother in Colombia when he returned there in 1987; that he
did odd jobs for relatives in Colombia after he returned to
Colombia in 1987; that his wife went to Colombia in 1987; his
wife stayed with him two or three months in Colombia in 1987;
that he was helping his brothers in Colombia; that he got money
from his brothers in Colombia; that he stayed outside the United
States for 13 or 14 months after leaving the United States and
going back to Colombia in 1987; that he returned to the U.S. in
May of 1988; that when he left the United States in 1987, he had
no intention of returning to the United States; that he returned
to the United States because of his son and wife were in the
United States; that he returned to the United States with a
fraudulent passport in the name of Jaime Rivera; that he paid
about $1,000 for a passport in that name; that he went to the
American Embassy because of a bond not long after returning to
Colombia; that he went to the American Embassy so he could get
the bond money that was posted for him; that he came back to the
United States with a visa in 1988 as a tourist; that he did not

A 37 130 133                    8                  April 10, 2002

SLQ

go to the American Consulate to get a visa, because the visa was already in the passport that he bought for a $1,000 in someone else's name; that he claimed to be that person when he entered the United States as a tourist; that he owned land in Cumberland but the land was taken for taxes; that he has no property in the U.S. when he came in 1988; that he had no intention of returning to the United States when he left for Colombia in 1987. The respondent further testified upon being questioned by the undersigned that he was suppose to appear before the Immigration Court in El Paso, Texas; that he did not appear before the Immigration Court in Texas because he did not want to be deported; that his attorney did not tell him he was deported, but told him if he appeared before the Immigration judge, he would be deported; that he left the U.S. with the intention of not returning to U.S. in order to avoid deportation; that he had a bond posted from the Immigration Court in El Paso, Texas.

Witness E-D-I-T-H D-I-O-S-A testified upon being questioned by the respondent's attorney, that she is the wife the respondent; that she married the respondent 16 years ago; that she married the respondent in 1985 and had two children; that in 1987 she went to Colombia with her husband, the respondent in March of 1987; Mary D-E-G-A is her sister; that she returned to the U.S. in 1987; that she did not return to Colombia thereafter. The witness further testified upon being questioned by the Government's attorney, that she was convicted of drug trafficking

A 37 130 133                          9                          April 10, 2002

SLQ

with the respondent; that she went to Colombia in December of 1987 to live with the respondent with her son; that the respondent wanted her to stay in Colombia in December 1987; that the respondent worked for his brothers in 1987 in Colombia; that the respondent supported her and the son when he was in Colombia in 1987 while she was in the U.S.; that they had no apartment in the U.S. when she and the respondent left the U.S. and went to Colombia in 1987.

The witness further testified upon being questioned by the respondent's attorney, that they brought everything with them to Colombia when they, that is she and the respondent's son returned to Colombia in 1987.

A returning resident is an immigrant, lawfully admitted for permanent residence to his returning for a temporary visit abroad.  See Section 101(a)(27)(A) of the Act, 8 U.S.C., Section 1101(a)(27)(A).  The phrase lawfully admitted for permanent resident means a status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the Immigration laws, such status not having changed.  See Section 101(a)(20) of the Act.  In order to qualify as a returning resident alien, an alien must have acquired lawful permanent residence status in accordance with the laws in the United States and must have retained that status in the time that it was acquired and must be returning to a "unrelinquished" lawful permanent residence after a "temporary"

A 37 130 133                    10                    April 10, 2002

SLQ

visit abroad.   See <u>Santos v. INS</u>, 421 F. 2d 1303, 1305, (9th Cir.
1970); Sections 101(a)(20)(27)(A) of the Act; 8 C.F.R. Section
211.1(b).

The Board of Immigration Appeals has held that the term
"temporary" is not subject to inflexible definition or varies in
application depending on the facts and circumstances of each
particular case.  What is "temporary visit" cannot be defined in
terms of elapsed time alone.  Rather the intention of the alien
when it can ascertained will control.  The Board of Immigration
Appeals has further held that in determining whether an applicant
for admission to the United States has abandoned a lawful,
permanent resident status in this country or is returning from a
temporary visit abroad, a number of factors much be examined.  In
general, these factors include the location of the alien's family
ties, property holdings, and job, and the intention of alien with
respect to both the location of his actual home and the
anticipated length of his exertion.  See <u>Matter of Muller</u>, 69 I&N
Dec. 637 (BIA 1978); <u>Matter of Quijencio</u>, 59 I&N Dec. 95 (BIA
1994).

The Board has also stated that the alien's purpose in
departing the United States much be considered and whether the
visit abroad can be expected to terminate within a relatively
short time, and whether determination date can be fixed by some
early date.  See <u>Matter of Kane</u>, 59 I&N Dec. 258.  An applicants
lack of specific intent to abandoned his permanent residence does

A 37 130 133                11                April 10, 2002

SLQ

not establish an affirmative intent to return to the United
States after a temporary visit abroad, such as to entitle him or
her to returning residence status.  See <u>Matter of Quijencio</u>,
supra.  An applicants desire to retain his permanent resident
status, without more, is insufficient to entitle him to such
status.  The determination of intent necessarily entails a review
of circumstantial factors.  The Board of Immigration Appeals has
held that when an applicant for admission has a colorful claim to
returning resident status, the burden is on the Immigration and
Naturalization Service to show by clear, unequivocal, and
convincing evidence that the applicant should be deprived at his
or her status as a lawful permanent resident.  See <u>Matter of
Huang</u> 19 I&N Dec. 749 (BIA 1988); <u>Matter of Salazar</u>, 17 I&N Dec.
167 (BIA 1979); <u>Matter of Kane</u>, supra.

        The record reflects in this case that the respondent
was a respondent in deportation proceedings before an Immigration
judge in El Paso, Texas.  And that he posted a bond or someone
posted a bond in his behalf.  The respondent in these proceedings
testified that after consulting an attorney, was told that if he
appeared before the Immigration judge he would all probability be
deported and that based on that advice, the respondent left the
United States with his wife and son, as here before stated in
this decision, and returned to Colombia, where he resided there
for a short time with his wife and son.  Respondent testified
that he worked in Colombia, after returning to Colombia in 1987.

A 37 130 133                    12                    April 10, 2002

SLQ

And that he had no intention of returning to the United States when he departed the United States in 1987, because he left to avoid deportation. Respondent testified that he remained in Colombia for 13 to 14 months. When he returned to the United States, not seeking to be admitted as a returning resident alien returning from a temporary visit abroad, but that he entered the United States as a tourist, claiming to be another person, Jaime Rivera, with a passport in that name, which the respondent has testified to, which was fraudulent.

.       Based on the fore going and what is contained in the record, I find that the respondent's departure from the United States in 1987, where he returned to Colombia to avoid deportation, and resided in Colombia for 13 or 14 months until he returned to the United States as a tourist, constitutes an abandonment of his lawful, permanent resident status in the United States.

Based on the foregoing and what is contained in the record, I find that respondent has abandoned his lawful, permanent resident status in the United States and thus when he returned to the United States in 1988 as a tourist, he was in fact an immigrant, not in possession of an immigrant visa and that he was also deportable, having procured entry into the United States by fraud and he is also deportable based on the other charges contained in the lodged charges, R Exhibit 7, concerning deportability for a violation of the narcotic laws of

A 37 130 133                    13                    April 10, 2002

SLQ

this country, by evidence which is clear, convincing and
unequivocal.

The respondent designated Colombia as the country to
which his deportation be directed if required.

The respondent is an aggravated felon and as an
aggravated felon is statutorily ineligible for voluntary
departure, cancellation of removal, adjustment of status, change
of status under Section 245, 248, and 249 of the Immigration Act
and political asylum.  The respondent is statutorily ineligible
for a waiver of inadmissibility pursuant to Section 212(c) of the
Immigration Act.  In that, his returning to the United States in
1988, when he entered as a tourist, precludes him from being
statutorily ineligible for a waiver of inadmissibility pursuant
to Section 212(c) because he is not a returning resident alien,
returning from a temporary visit abroad.  Having abandoned that
residence upon his departure from the United States in 1987 and
returning to Colombia.  Section 212(c) of the Immigration and
Nationality Act requires that the respondent be a lawful
permanent resident alien of the United States.  Since the
respondent is not a lawful, permanent resident of the United
States at this juncture, he is statutorily ineligible for a
waiver of inadmissibility pursuant to Section 212(c) of the
Immigration and Nationality Act.

### ORDER:

IT IS ORDERED that the respondent be deported from the

A 37 130 133                    14                    April 10, 2002

SLQ

United States of America to Colombia on the charge contained in the order to show cause and on all the lodged charges contained in R Exhibit 7 in the record.

THOMAS M. RAGNO
Immigration Judge

CERTIFICATE PAGE

I hereby certify that the attached proceeding before

THOMAS M. RAGNO, in the matter of:

JOHN JAIRO DIOSA-ORTIZ

A 37 130 133

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

(Stephanie Quirante, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

7/9/02
(Completion Date)



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*


**Watt Jr., Robert D., Esquire**
**84 Ship Street,**
**Providence, RI 02903-0000**

**Office of the District Counsel/BO**
**P.O. Box 8728**
**Boston, MA 02114**


**Name: DIOSA-ORTIZ, JOHN JAIRO**                    A37-130-133


                                    <u>D</u>ate of this notice: 10/09/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk


Enclosure


Panel Members:
        HOLMES, DAVID B.


Exhibit H

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:  A37 130 133 - Boston                    Date:          OCT - 9 2003

In re: JOHN JAIRO <u>DIOSA</u>-ORTIZ a.k.a. Jaime Rivera

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Robert D. Watt, Jr., Esquire

CHARGE:

    Order:    Sec.    241(a)(1)(A), I&N Act [8 U.S.C. § 1251(a)(1)(A)] -
                  Excludabe at entry under section
                  212(a)(2)(A)(i)(II), I&N Act [8 U.S.C. § 1182(a)(2)(A)(i)(II)] -
                  Controlled substance violation

APPLICATION:   Waiver of inadmissibility

ORDER:

    PER CURIAM. The respondent is a native and citizen of Colombia. He appeals an Immigration Judge's April 10, 2002, decision finding that he abandoned his lawful permanent resident status and was therefore statutorily ineligible for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The respondent's appeal is dismissed.

    We affirm the decision of the Immigration Judge with the following additions. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision"). We agree, with the Immigration Judge, that the respondent abandoned his lawful permanent resident status when he departed the United States in 1987, believing that he had been deported. *See* I.J. at 12-13. The respondent argues, on appeal, that he mistakenly believed that he had been deported and that, as a result of this misunderstanding, he did not voluntarily abandon his lawful permanent resident status. However, we note that the respondent testified that he purposefully avoided his deportation proceedings, in September of 1985, because his attorney told him that he would likely be deported on account of his June 1985 conviction for conspiracy to possess with intent to distribute cocaine. *See* Tr. at 55-56, 67. After the hearing was administratively closed, when the respondent failed to appear, the respondent's sister-in-law, who had posted a bond assuring his appearance at his 1985 hearing, received a letter requesting that she present the respondent to the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) in San Antonio. *See* Tr. at 49. The respondent indicated that, because he did not appear for his 1985 deportation proceedings, and because he did not report to San Antonio, he understood that he had been deported. *See* Tr. at 48-58. In sum, we can not find that the respondent was inappropriately misled, regarding

A37 130 133

his immigration status. *See Matter of Kane*, 15 I&N Dec. 258 (BIA 1975) (indicating that justifiable reliance on a misstatement by a United States official may be a factor in determining whether lawful permanent resident status had been abandoned). Thus, we find that the voluntariness of his departure was not undermined by his misunderstanding regarding his status. Rather, his misunderstanding regarding his status was due, in large part, to his refusal to present himself to the Immigration Court and the DHS as required. Thus, we find that, as the respondent departed the United States after deliberately avoiding his deportation proceedings and after choosing not to present himself to the DHS, and as he intended not to return to the United States, the respondent voluntarily abandoned his permanent resident status.

Accordingly, the respondent's appeal is dismissed.

FOR THE BOARD