# United States Court of Appeals
## For the First Circuit

*[handwritten: 03-12510 Massachusetts (B) P. Saris]*

---

No. 04-2141

JOHN JAIRO DIOSA-ORTIZ,

Petitioner, Appellant,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL, ET AL.,

Respondents, Appellees.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

JUDGMENT

Entered: July 11, 2006

    John Jairo Diosa-Ortiz ("Diosa") has appealed the district court's dismissal of his habeas petition challenging the BIA's 10/9/03 judgment affirming the immigration judge's determination that he is ineligible for a waiver of inadmissibility under INA § 212(c). We are treating the appeal as a timely petition for review of the BIA's judgment. See Ishak v. Gonzales, 422 F.3d 22, 29-30 (1st Cir. 2005).

    The BIA's judgment is affirmed. See 1st Cir. Loc. R. 27(c). Assuming, without deciding, that we have jurisdiction to review Diosa's claim that the BIA erred as a matter of law in concluding that he is statutorily ineligible to apply for a § 212(c) waiver and/or his claim that the BIA's decision constitutes a "denial of due process," see 8 U.S.C. § 1252(a)(2)(D), as amended by REAL ID § 106(a)(1)(A)(iii), these claims fail for the following reasons.

    *First*, Diosa's statutory claim has no merit because, even assuming, *in arguendo*, that the "innocent, casual and brief" standard articulated in Rosenberg v. Fleuti, 374 U.S. 449 (1963)

applies in this case, but see 8 U.S.C. § 1229b(d)(2), it can hardly be said that Diosa's 14-month trip to Colombia was "innocent, casual, and brief." In his immigration hearings, Diosa testified that he left the United States for Colombia in 1987 because he feared that, if he appeared before an immigration judge, he would be ordered deported. Diosa also testified that, when he left for Colombia, he had no intention of returning to the United States. When he did return to the United States fourteen months later, he used a fraudulent passport to enter the country.

*Second*, because Diosa's due process claim is inadequately developed, we need not consider it, see United States v. Sayer, -- F.3d --, 2006 WL 1606036, *8 (1st Cir. 2006); Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 43 (1st Cir. 1998), but, in any event, we perceive no due process violation.

Diosa has also claimed that he is entitled to "equitable estoppel" against the government. Since Diosa failed to present this claim to the BIA, we have no jurisdiction to review it. See 8 U.S.C. § 1252(d)(1); Joumaa v. Gonzales, 446 F.3d 244, 245 (1st Cir. 2006).

The BIA's judgment is AFFIRMED.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
Operations Manager.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 9.1.06

[cc: Randy Olen, Esq., George A. Pliakas, Esq., Frank Crowley, Esq., Michael P. Sady, AUSA, David V. Bernal, Esq., Ernesto H. Molina, Jr., Esq.]